1
2
3
4
5
6
7
8         UNITED STATES DISTRICT COURT
9        SOUTHERN DISTRICT OF CALIFORNIA
10

11   KEVIN BARRIOS,                        Case No.:  3:21-cv-00680-GPC-LL

12                          Plaintiff,     **ORDER:**

13                                          **1) GRANTING MOTION TO**
14   v.                                     **PROCEED IN FORMA PAUERIS**
                                            **[ECF No. 6];**
15   SAN DIEGO COUNTY SHERIFF'S
     DEPARTMENT,
16                                          **2) DISMISSING COMPLAINT**
                          Defendants.       **PURSUANT TO 28 U.S.C.**
17                                          **§ 1915(e)(2)(B) AND 28 U.S.C.**
                                            **§ 1915A(b)**
18
19

20        On April 16, 2021, Kevin Barrios ("Barrios" or "Plaintiff"), who is currently

21   incarcerated at the San Diego Central Jail ("SDCJ") and is proceeding pro se, filed a civil

22   rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1.  Plaintiff did not pay the filing

23   fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his

24   Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28

25   U.S.C. § 1915(a). ECF No. 2.

26        On May 14, 2021, the Court dismissed the case without prejudice because Barrios

27   had failed to provide the Court with the required certified trust account statement. ECF No.

28   5; 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Barrios

was given sixty (60) days from the date the dismissal Order was filed within which to either the pay the civil filing fee or file a new IFP motion which included a certified trust account statement. ECF No. 5. On July 8, 2021, Barrios filed a renewed IFP motion. ECF No. 6.

## I.   Renewed Motion to Proceed in Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his renewed IFP Motion, Barrios has submitted a copy of his SDCJ Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at SDCJ. *See* ECF No. 6 at 6–8; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Barrios has carried an average monthly balance of $0.08, has had average monthly deposits to his account of $30.00 over the 6-month period immediately preceding the filing of his Complaint, and maintained a $0.47 available balance on the books at the time of filing. *See* ECF No. 6 at 6–8.

Based on this accounting, the Court **GRANTS** Barrios renewed Motion to Proceed IFP (ECF No. 6). The Court declines to exact any initial filing fee because his trust account statement shows he now "has no means to pay it," *Bruce*, 577 U.S. 84-85, and directs the Watch Commander at the SDCJ, or his or her designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id*.

## III.   Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.   Standard of Review

Because Barrios is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

/ / /

"The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Plaintiff's Allegations

In count one, Barrios alleges that he suffers from migraine headaches, pain from a "fixed wrist that lacks movement and has metal pins in [it] that causes pain," and infections in his legs, stomach, and throat. Compl., ECF No. 1 at 2–3. He claims he was prescribed amitriptyline for his migraines after aspirin and ibuprofen did not work, but the amitriptyline was discontinued after an x-ray was performed on him. *Id.* at 2. He also claims he needs amitriptyline and tramadol for pain, but that SDCJ doctors have not responded to his requests for medication or his grievances and "have acted indifferent" to his pain and sleep deprivation. *Id.*

In count two, Barrios claims the jail has been in lock down from August 11, 2020, until April 12, 2021. *Id.* at 3. According to Barrios, inmates are not provided "even one hour" of time outside of their cells and that sometimes four or five days have passed without

any relief from the lockdown. *Id.* Barrios states that this has caused "mental and physical health problems." *Id.*

In count three, Barrios alleges his attorney "invoked penal code 1368" and denied him his right to cross-examination. *Id.* at 4. He alleges that the two psychiatrists who concluded he was incompetent are part of a "farce" and a "sham" and are involved in "an illegal act." He also claims he is being involuntarily medicated but has no mental disorder. *Id.*

      C.    <u>42 U.S.C. § 1983</u>

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability,  a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

      D.    <u>Discussion</u>

In count one, Barrios alleges that he is being denied medical care because doctors at the SDCJ have ignored his pain and refuse to give him amitriptyline and tramadol for his migraines, wrist pain, and infections. ECF No. 1 at 2. In count two, he alleges the SDCJ has been in lockdown from August 11, 2020 until April 12, 2021, that he has not been out of his cell for even an hour, and that "sometimes it's been 4 or 5 days with no unlock." *Id.* at 3. In count three, Barrios alleges his attorney "invoked penal code 1368 and when I went to trial he denied my rights to cross-examine witnesses." *Id.* at 4. He also claims his attorney thought he was "not rational because [he] wanted to waive [his] preliminary hearing and did not like [him] [be]cause [he] wanted to control [his] case." *Id.*

/ / /

Barrios names only the San Diego County Sheriff's Department as a Defendant. However, "persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996). The San Diego County Sheriff Department is not a "person" subject to suit under § 1983 and Barrios cannot pursue a § 1983 civil rights claims against the Department. *See e.g., Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12, 2017) (stating that "[b]ecause the Solano County Sheriff's Department is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law."). Barrios has not identified or named as defendants the doctors who he alleges refused to address his medical issues.

"A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) (stating that "[c]ausation is, of course, a required element of a § 1983 claim"). "Because vicarious liability is inapplicable to . . . § 1983 suits, [a Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Until Barrios names the individuals he alleges are responsible for the deprivation of his constitutional rights, he has not stated a plausible § 1983 claim. Further, the Court notes that Barrios cannot state a § 1983 claim against his attorney. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) ("[The public defender] was, no doubt, paid by government funds and hired by a government agency. Nevertheless, [her] function was to represent [her] client, not the interests of the state or

county.”); *Garnier v. Clarke*, 332 Fed. App’x 416 (9th Cir. 2009) (affirming district court’s sua sponte dismissal of prisoner’s § 1983 claims against appointed counsel).

### III.    Conclusion and Orders

For the reasons explained, the Court:

1)    **GRANTS** Plaintiff’s renewed Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) [ECF No. 6].

2)    **DIRECTS** the Watch Commander at the San Diego Central Jail, or his or her designee, to collect from Plaintiff’s inmate trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month’s income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3)    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California, 92101.

4)    **DISMISSES** Plaintiff’s Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b), and **GRANTS** him sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff’s Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (“[A]n amended pleading supersedes the original.”); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be “considered waived if not repled.”).

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff’s failure to state

a claim upon which relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: August 31, 2021

Hon. Gonzalo P. Curiel
United States District Judge